UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
GERALDO RODRIGUEZ,
Individually and on behalf of a class,

                                  Plaintiff,                    15-cv-5739

                               - against -

RTR FINANCIAL SERVICES, INC.,

                                Defendant.
-----------------------------------------------------------X

## COMPLAINT – CLASS ACTION

### INTRODUCTION

1. Plaintiff brings this action to secure redress against unlawful credit and collection practices engaged by defendant RTR Financial Services, Inc. ("RTR"). Plaintiff alleges violation of the Fair Debt Collections Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"). The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give certain information. 15 U.S.C. §§1692c(b), 1692d(5), 1692d(6), 1692e, 1692e(2) and 1692e(10).

### JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§1331, 1337, and 15 U.S.C. §1692k (FDCPA).

3. Venue and personal jurisdiction over defendant in this District is proper because defendant's collection activities impacted plaintiff here and because defendant transacts business in this District.

## PARTIES

4. Plaintiff, Geraldo Rodriguez, is an individual resident of the State of New York, residing in the County of Kings. Plaintiff is a "Consumer" as that term is defined by 15 U.S.C. §1692a(3) of the FDCPA in that the alleged debt that the defendant sought to collect from Plaintiff is a consumer debt.

5. Defendant, RTR, is a New York Domestic Corporation with a principal place of business located at 2 Teleport Drive, Staten Island, New York 10311. Defendant is regularly engaged in the collection of debts allegedly owed by consumers. Defendant is a "Debt Collector" as that term is defined by 15 U.S.C. §1692a(6) of the FDCPA.

## FACTS

6. On or about July 6, 2014, Plaintiff's son, Ralphy Rodriguez ("Ralphy"), was admitted to the emergency room at Maimonides Medical Center in Brooklyn, New York. Ralphy was a 4 year old minor at the time of admission.

7. The cost of the emergency room treatment, less any insurance coverage, was $554.45. This amount was due from the Plaintiff, Ralphy's father, and was in fact billed to the Plaintiff.

8. The bill remained unpaid and was eventually turned over to Defendant collection agent.

9. On or about April 24, 2015, Plaintiff was mailed the collection letter attached as Exhibit A. Plaintiff received it in the ordinary course of mail.

10. Exhibit A sought to collect a debt incurred for personal, family or household use and not for business purposes.

11. Exhibit A is, on information and belief, a form letter.

12. Thereafter, following receipt of Exhibit A, Defendant began its abusive telephonic campaign by calling Plaintiff on his cell phone at least two times each month from April, 2015 to present.

13. The calls were robo-calls made by an automatic dialing machine that left the following voicemail each and every time: "we have an important message regarding Gerald Rodriguez," and advised Plaintiff to call an unidentified telephone number.

14. At no time was the identity of the caller disclosed.

15. Thereafter, in early September, 2015, Plaintiff called the number left on the voicemail. This was the first time that Plaintiff learned that the call was from a debt collector. This is the first time that the Plaintiff learned that the calls concerned an alleged debt owing to Maimonides Medical Center.

16. During the phone call, Plaintiff requested that Defendant provide an itemized bill.

17. On or about September 24, 2015, Plaintiff was mailed the collection letter annexed hereto as Exhibit B. Plaintiff received it in the ordinary course of mail.

18. Plaintiff's Exhibit B was not addressed to Plaintiff, but rather, was addressed to a third party who is not responsible for payment of the debt.

19. The third party who received <u>Exhibit B</u> was Plaintiff's 5 year old son, Ralphy. However, the itemized bill which was attached to the letter was addressed to the Plaintiff, not Ralphy.

20. As a result of defendant's abusive, deceptive and unfair debt collection practices, plaintiff has been damaged.

21. Defendant's letter was in violation of 15 U.S.C. §§ 1692c(b), 1692d(5), 1692d(6), and 1692e for leaving a message with a third party.

## FIRST CAUSE OF ACTION
(Violations of the FDCPA)

22. Plaintiff repeats, realleges and incorporates by reference the allegations contained in paragraphs 1 through 21 of this Complaint as though set forth at length herein.

23. Collection letters such as those sent by defendant are to be evaluated by the objective standard of hypothetical "least sophisticated consumer."

24. Section 1692e states that:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. . . . the following conduct is a violation of this section:

(2) the false representation of –
    (A) the character, amount or legal status of any debt; or
    (B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.

(10) the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

25. <u>Exhibit B</u> would leave anyone, let alone the least sophisticated consumer, confused as to the character and legal status of the debt.

26. Attempting to collect a debt for a 5 year old minor is a false representation and deceptive means to collect a debt

27. Defendant's acts, as described herein, constitute violations of 15 U.S.C. §§ 1692e, 1692e(2), and 1692e(10).

## SECOND CAUSE OF ACTION
(Violations of the FDCPA)

28. Plaintiff repeats, realleges and incorporates by reference the allegations contained in paragraphs 1 through 27 of this Complaint as though set forth at length herein.

29. Section 1692c(b) states that:

**(b) Communication with third parties**

Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

30. Section 1692d states that:

A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

(6) Except as provided in section 1692b of this title, the placement of telephone calls without meaningful disclosure of the caller's identity.

31. Defendant's repeated and continuous robo-calls to Plaintiff's cell phone without identifying the caller and without identifying the nature of the call was intent on annoying, abusing, and harassing the Plaintiff.

5

32. Defendant's letter addressed to a third party without Plaintiff's prior consent and without the express permission of a court of competent jurisdiction is a violation of 15 U.S.C. § 1692c(b)

33. Defendant's acts, as described herein, constitute violations of 15 U.S.C. § 1692d(5) and 1692d(6).

## CLASS ALLEGATIONS

34. Pursuant to Fed.R.Civ.P. 23(a), plaintiff brings this claim on behalf of a class.

35. The class consists of (a) all natural persons (b) who were sent a letter as Exhibit B (c) seeking to collect a debt (d) on or after a date one year prior to the filing of this action and ending 20 days after the filing of this action (e) which seeks to collect a debt from a third party.

36. An alternative class consists of (a) all natural persons (b) who received regular and continuous calls from Defendant that did not identify the caller (c) seeking to collect a debt (d) on or after a date one year prior to the filing of this action and ending 20 days after the filing of this action.

37. The class is so numerous that joinder is impracticable.

38. On information and belief, there are more than 50 natural persons who were sent letters similar to Exhibit B on or after a date one year prior to the filing of this action and ending 20 days after the filing of this action.

39. On information and belief, there are more than 50 natural persons who received regular and continuous calls from Defendant that did not identify the caller on or after a date one year prior to the filing of this action and ending 20 days after the filing of this action.

40. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common questions are:

    a. whether the defendant violated various provisions of the FDCPA, including, but not limited to 15 U.S.C. §§ 1692c(d), 1692d(5), 1692d(6), 1692e, 1692e(2) and 1692e(10);

    b. Whether Plaintiff and the Class have been injured by the defendant's conduct;

    c. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    d. Whether Plaintiff and the Class are entitled to declaratory relief.

41. Plaintiff's claims are typical of the claims of the class members. All are based on the same factual and legal theories.

42. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

43. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible. The nature of the wrong depends on the deception of the consumer, so it is unlikely to be detected or remedied without a class action.

**WHEREFORE**, Plaintiff respectfully demands judgment in favor of Plaintiff and the class and against the Defendant as follows:

a) Statutory damages;

b) Attorney's fees, litigation expenses and costs of suit;

c) Declaratory relief finding the collection letter violates the FDCPA; and

d) For such other and further relief which this court deems just and proper.

Dated: New York, New York
October 5, 2015

SHAKED LAW GROUP, P.C.
Attorneys for Plaintiff

By: *[signature]*
Dan Shaked (DS-3331)
44 Court St., Suite 1217
Brooklyn, NY 11201
Tel. (917) 373-9128
Fax (718) 504-7555
e-mail: ShakedLawGroup@gmail.com

**JURY DEMAND**

Plaintiff hereby demands trial by jury.

*[signature]*
Dan Shaked (DS-3331)